JACOB R. SLEIGHT and wife v. GEORGE OGLE and wife.

An action in the nature of an action of trespass will not lie, where an arrest
   has been obtained for a misdemeanor, upon valid process issued by a compe-
   tent tribunal having jurisdiction, although the arrest has been procured
   maliciously, without probable cause.

In such case, if the prosecutor had not probable cause to make complaint, the
   party aggrieved has his remedy by an action on the case for a malicious
   prosecution.

However great the cause, if the offence complained of is only a misdemeanor,
   arrest cannot be justified without lawful warrant, and the question of prob-
   able cause is then material only in mitigation of damages.

A warrant, issued under § 3, title 2, chapter 2, of the fourth part of the
   Revised Statutes, (vol. 2, marg. p. 706,) relating to the arrest and examina-
   tion of offenders, is sufficient if it contain the substance of the section, with-
   out each of the very words thereof.

The omission of the magistrate to reduce the complaint of the prosecutor to
   writing before issuing the warrant, will not constitute the prosecutor a
   trespasser.

THIS action was in the nature of an action of trespass for a
false imprisonment. It is unnecessary to add to the state-
ment of facts appearing in the opinion, except in respect to
the form of the warrants upon which the arrests in question
were made. The following is a copy of one, both being sub-
stantially alike:

To ANY AND EVERY OF THE POLICEMEN IN THE CITY OF
NEW YORK:—This is to require you, and each of you, to
bring before me the body of Mrs. Sleight, of whom it is com-
plained, by Mrs. Ogle, that said Mrs. Sleight did willfully and
maliciously break and destroy the Croton water pipe in
Horatio street. Given under my hand, this 12th day of
April, 1854. S. H. Stuart, Police Justice.

The case came up on the defendants' appeal from a judg-
ment of the Marine Court.

*Abraham D. Russel*, for the defendants, cited *West* v. *Baxendale*, 9 C. B. 141; *Panton* v. *Williams*, 2 O. B. 169; *S. C.* 1 G. & D. 503; *Hill* v. *Yates*, 8 Taunt. 180; *S. C.* 2 Moon. 80; *Beebe* v. *DeBaun*, 3 Eng. 510; *Maston* v. *Deyo*, 2 Wend. 427; *McLedon* v. *Berry*, 1 Camp. 203; *Wallace* v. *Alpine*, 1 id. 204; *Fisher* v. *Burton*, 1 Dow, 215; *Morgan* v. *Hughes*, 2 Term, 225, 231; *Whitworth* v. *Hall*, 3 Ad. & El. 733; *Jackson* v. *Smith*, 7 Cow. 717; *Eaton* v. *De Angelis*, 6 Hill, 344; *Bacon* v. *Townsend*, 6 Barb. 426; *Davis* v. *Clough*, 8 N. H. 157; *Hunter* v. *French*, Wells' R. 517.

*George W. Stevens* and *Nathaniel B. Howie*, for the plaintiffs, cited *Crowell* v. *Gleason*, 1 Fairf. 325; *Green* v. *Rumsey*, 2 Wend. 611; *Curry* v. *Pringle*, 11 J. R. 444; *Tinpin* v. *Kenny*, 3 Blackf. 210; 2 R. S. 3d ed. 793, §§ 2 & 3.

By the Court. Woodruff, J.—The complaint herein was for false imprisonment of the plaintiff (the wife). The answer was a general denial only. The only issue was, therefore, whether the plaintiff had been imprisoned by the defendants or not, for no justification was set up in the answer. But the case was manifestly tried upon the question of the legality of the arrest and detention of the wife, as the fact of such arrest and detention were not controverted, and the matter of justification was examined, and, indeed, was the subject of proof by the plaintiffs themselves in the examination of their first witness. And in this aspect of the case, the questions were, was the wife arrested upon a lawful warrant; and if not, was she arrested by the procurement of the wife of the defendant, Ogle?

The action being trespass, the question of probable cause was only material in mitigation of damages; for however great the cause, if the offence complained of was only a misdemeanor, the arrest could not be justified without lawful warrant. And if the process was lawful, and the officer had jurisdiction, no action for false imprisonment would lie, even though the prosecutor had not probable cause to make the

complaint. In the latter case the party improperly proceeded against has a remedy by action on the case for a malicious prosecution; but in an arrest upon valid process issued by a competent tribunal having jurisdiction, there is no trespass, and false imprisonment will not lie, even though such arrest be maliciously procured by the prosecutor without probable cause. And in this particular, I think, the plaintiffs in the present action have mistaken their remedy.

It appeared by the plaintiffs' evidence, that the wife of Sleight was arrested successively under two warrants, issued by a police justice, on the complaint of Mrs. Ogle, for malicious mischief. The warrants, though very brief, comply with the statute in reciting the accusation, and give the name of the complainant, and are under the hand of the magistrate. (2 Rev. Stat. 706, § 3.) The statute does not require that the very words of the section should each of them be inserted in the warrant, if its substance is contained therein. And I am clearly of opinion that the warrants were sufficient in substance, and were issued by competent authority. And it further affirmatively appeared that a complaint was made to the magistrate before the warrants were issued. This was *prima facie* sufficient to authorize the arrest, and devolved on the plaintiffs the burthen of showing that no sufficient complaint had been made. He did prove that there was no written complaint, or rather the evidence of one of the witnesses contains that language; and though it is *not entirely* certain but that the witness in that refers to the time when Mrs. Sleight was brought before the magistrate, under arrest, rather than to the complaint made by Mrs. Ogle in the morning, yet, in support of the finding below, we ought to take this language most favorably to the plaintiffs. And, therefore, the question arises, whether the omission of the magistrate to reduce the complaint of the prosecutor to writing, before issuing the warrant, makes the prosecutor a trespasser? I think not. The statute does not prescribe any such pre-requisite to the validity of the process. Section 28 (§ 26) of the statute makes it the duty of the magistrate to return all exami-

nations taken pursuant to that title to the court, &c. But if this be deemed to include the complaint, as well as the examinations had after the arrest, and which the statute in terms directs shall be taken down in writing, (§§ 17, 20,) and by implication to make it his duty to reduce the complaint to writing, also, I do not think that his neglect of duty, in that particular, made the prosecutor liable.

The plaintiffs, having themselves shown that the arrest was made under process valid on its face, and issued by competent legal authority, upon complaint made of a misdemeanor, I think were not entitled to maintain the action, and the judgment should, therefore, be reversed.

Judgment reversed.